**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**PATRICK D. CAHILL,**

    **Plaintiff,**

vs.                                          **Case No. 4:09cv65-RS/WCS**

**JEAN JOHNSON, et al.,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

On February 17, 2009, the *pro se* Plaintiff filed a complaint in this Court, doc. 1, and simultaneously paid the filing fee. Plaintiff alleges in the complaint that on February 14, 2007, he was "found not guilty of charges brought against him by the State of Florida and the three defendants in Duval County Florida Circuit Court . . . . " Doc. 1, p. 1. Plaintiff alleges that the three Defendants named in this case committed perjury and conspired to violate Plaintiff's constitutional rights. *Id.* All of the events alleged took place in Duval County, and each of the Defendants have addresses in Duval County. Because Duval County, Florida is located within the jurisdiction of the Middle District of Florida, as are each of the Defendants, the proper forum for this action pursuant to 28

U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." A court may raise the issue of defective venue *sua sponte*, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988). The Lipofsky court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a). *See* Lipofsky, 861 F.2d at 1259, n. 2. Thus, it is recommended that this case be transferred rather than dismissed. There is no need for a hearing on this transfer. *Cf.* Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) *with* Starnes v. McGuire, 512 F.2d 918, 934 (D.C. Cir. 1974).

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 20, 2009.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**